UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LUIS RIOFRIO,

    Plaintiff,

v.

DEL MONTE FRESH PRODUCE N.A.,
INC., a foreign corporation,

    Defendant.

Civil No. 10-562-HA

OPINION AND ORDER

HAGGERTY, District Judge:

    Plaintiff brings this action following his employment termination by defendant. Defendant moves to dismiss plaintiff's Amended Complaint for failure to state a claim, arguing that plaintiff has brought a claim under an Oregon statute that is inapplicable to him and for which his allegations are insufficient, and that plaintiff's wrongful discharge claim must be dismissed because plaintiff cannot allege that his exercise of employment-related rights or public duties resulted in his termination. For the following reasons, defendant's Motion to Dismiss [6] is denied.

1 -- OPINION AND ORDER

**BACKGROUND**

The factual background is taken primarily from plaintiff's Complaint and briefing in opposition to defendant's motion. Plaintiff alleges that he was hired by defendant to serve as a Quality Assurance Manager in August, 2008, and that he was wrongfully terminated on April 17, 2009. Plaintiff alleges that during his eight months as Quality Assurance Manager, he raised repeated complaints about sanitation risks in his workplace, and about the poor quality of food being processed in the plant. Am. Comp. Para. 4-7. He brought his concerns to his operations manager, the general manager and the regional quality assurance manager. Although not expressly pled in his Amended Complaint, plaintiff's concerns are fairly construed as arising under employment duties related to whether defendant's practices may have violated state and federal food safety laws, rules, and regulations.

In early March 2009, plaintiff was advised that an on-site staffing receptionist had complained that plaintiff had sexually harassed her. Plaintiff reported this to his human resources manager and requested that an investigation be undertaken. The receptionist later accused plaintiff of harassment, and plaintiff met with a Human Resources Corporate Manager and denied harassing the receptionist.

On April 10, 2009, plaintiff drafted a memorandum regarding his concerns about defendant's use of decomposed chicken in salad kits. Plaintiff provided this report to defendant's general manager. Plaintiff also indicated his intent to discuss food quality concerns with the Quality Assurance Corporate Manager. On April 14, 2009, plaintiff was given written warnings about alleged failures to submit various reports. Three days later, plaintiff was terminated on grounds that he violated defendant's harassment policies.

Plaintiff brought suit against defendant in Multnomah County Circuit Court for the State of Oregon. Defendant removed the action to this court on diversity grounds. Plaintiff's subsequent First Amended Complaint alleges a claim for retaliation under O.R.S. 659A.199, and a claim for wrongful discharge. Defendant moves to dismiss both claims, contending that the retaliation statute is inapplicable to plaintiff, and that plaintiff fails to state a claim under the retaliation statute or for wrongful discharge.

## STANDARDS

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. _, 129 S. Ct. 1937, 1949 (2009). When considering a motion to dismiss, the court must determine whether the plaintiff has made factual allegations that are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

The reviewing court accepts all facts alleged in the complaint as true. *Intri-Plex Tech., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1050 n.2 (9th Cir. 2007). All doubts arising in the factual allegations are resolved in favor of the nonmoving party. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986); *Experimental Eng'g, Inc. v. United Tech. Corp.*, 614 F.2d 1244, 1245 (9th Cir. 1980).

The statute under which plaintiff advances his first claim provides:

> It is an unlawful employment practice for an employer to discharge, demote, suspend or in any manner discriminate or retaliate against an employee with regard to promotion, compensation or other terms, conditions or privileges of employment for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule or regulation.

ORS 659A.199.

The parties do not dispute that this statute was passed by the 2009 Oregon legislature, and was designated to apply to actions commenced on or after January 1, 2010. Defendant contends that plaintiff's claim under this statute must be dismissed because the statute did not exist at the time of plaintiff's termination, and there are no grounds establishing that the statute was intended to apply retroactively. Moreover, even if the statute were applicable, defendant asserts that plaintiff has failed to plead sufficient facts to state a cause of action pursuant to the statute.

Plaintiff's second claim asserts wrongful discharge. A wrongful discharge claim has two elements: "there must be a discharge, and that discharge must be 'wrongful.'" *Moustachetti v. Oregon*, 877 P.2d 66, 69-70 (Or. 1994) (citing *Nees v. Hocks*, 536 P.2d 512 (Or. 1975)). A wrongful discharge is a discharge for reasons that contravene public policy; the cause of action represents a limited exception to Oregon's at-will employment doctrine. *Nees*, 536 P.2d at 515.

An employee may advance a wrongful discharge tort action in two situations: (1) when an employee is fired for performing an important duty or societal obligation, or (2) when an employee is fired for exercising statutory rights that relate to the employment and that reflect an important public policy. *Babick v. Or. Arena Corp.*, 40 P.3d 1059, 1062 (Or. 2002) (citations omitted).

4 -- OPINION AND ORDER

Whether a public duty exists is a question of law.  That determination requires a court to find a public duty, and not create one, using "constitutional or statutory provisions or the case law of this or other jurisdictions."  *Id.*; *see also Banaitis v. Mitsubishi Bank, Ltd.*, 879 P.2d 1288, 1294 (Or. Ct. App. 1995).

Plaintiff asserts that his wrongful discharge claim must survive defendant's motion to dismiss because raising concerns about the quality of food to be sold to and consumed by the public warrants a high social value, and because complaining about defendant's food quality is tantamount to exercising an important right related to his employment.  Plaintiff asserts that his job duties encompassed ensuring defendant's compliance with state and federal laws regarding food safety.

Defendant disagrees, arguing that this court should conclude as a matter of law, even assuming plaintiff's allegations are true, that plaintiff provides no possible basis for sustaining a wrongful discharge claim.  Defendant's arguments as to each claim are addressed in turn.

**ANALYSIS**

    **1.**    **Retaliation**

Defendant challenges plaintiff's first claim in two ways: first, defendant argues that the statute is inapplicable to the facts alleged by plaintiff.  As noted above, there is no dispute that plaintiff was terminated on April 17, 2009, and that O.R.S. 659A 199, the statute under which plaintiff's first claim is brought, was enacted after that date and applies to actions commenced on or after January 1, 2010.  There is also no dispute that this action was commenced after January 1, 2010.

Defendant contends that the statute at issue should not apply retroactively to encompass a termination that occurred before the statute even existed.  Questions related to the possible

5 -- OPINION AND ORDER

retroactivity of a statute is a matter of legislative intent, determined by construing the intended meaning of the statute. *State v. Lanig*, 963 P.2d 58, 61 (Or. Ct. App. 1998). Courts "examine the text, in context, and, if necessary, the legislative history and other aids to construction." *Vloedman v. Cornell*, 984 P.2d 906, 908 (Or. Ct. App. 1999) (citing *Lanig*, 963 P.2d at 61).

The court in *Vloedman* confronted a statute regarding attorney fees that did "not expressly state whether it is intended to apply to actions that are filed after the effective date but that are based on conduct that occurred before the effective date." *Vloedman*, 984 P.2d at 908. Nor did the "wording of the statute" in that case provide any clues as to the legislature's possible retroactive intentions. *Id*. (citation omitted). Accordingly, the court turned to "relevant maxims of construction in lieu of actual evidence of the legislature's intentions." *Id*. (citation omitted).

Defendant relies upon the decision's subsequent discussion of the "pertinent maxim of construction" that, in the absence of evidence of what the legislature actually intended, a court should presume that the legislature "intended retroactive effect to be given statutes that are 'remedial' or 'procedural,' as opposed to 'substantive,' in nature." *Id*. (citation omitted). Defendant provides a thorough analysis that the retaliation statute at issue should be construed as substantive, and therefore not applied retroactively.

However, after examining the statute at issue, this court finds that the text of the law provides adequate evidence as to the legislature's intent regarding the statute's applicability. The legislature plainly stated that the statute applies to actions that commenced on or after January 1, 2010. There is no ambiguity as to the meaning of the law applying to actions *commenced on or after* January 1, 2010. An action is "commenced" by the filing of a complaint. *See* Or. R. Civ. Pro. 3.

Therefore, it is unnecessary to ascertain whether the statute is remedial or substantive. The facts presented here distinguish the case from the circumstances that Oregon courts considered in *Vloedman* and the decision relied upon by defendant, *Portland Gen. Elec. Co. v. Mead*, 234 P.3d 1048, 1054-55 (Or. Ct. App. 2010). In *Mead*, the Oregon Court of Appeals addressed a statute that – as in *Vloedman* – provided no clues "as to its drafters' intent regarding retroactivity." *Id*. But, because here the legislature employed the commonly understood term "commenced" (and chose not to refer to "conduct" occurring after the effective date, as it did during the same session regarding disability discrimination amendments in the same Chapter), the court concludes that there is actual evidence of the legislature's intentions. There is no need to delve any deeper into the legislative history of O.R.S. 659A 199 than examining the statutory text used by the legislators. The statute expressly states that it is intended to apply to actions that are filed after the effective date of January 1, 2010. The plain meaning of that provision is that the legislature contemplated the possibility of suits that commenced after that date and that arise from conduct occurring prior to that date.

Defendant's second challenge to plaintiff's retaliation claim asserts that even if the statute is applicable, plaintiff has failed to state an adequate claim under the statute. This argument is rejected, as well. This court concludes that a fair and reasonable summary of the allegations presented in plaintiff's First Amended Complaint asserts that plaintiff was terminated for reporting his opposition to defendant's practices of allowing its workers to don sanitary gear while outside of the production area (raising a risk of contamination), and for reporting an opposition to defendant's alleged practice of using rotten grapes and decomposed chicken in products to be sold to the public.

7 -- OPINION AND ORDER

Plaintiff was hired as a Quality Assurance Manager. At this stage in the litigation, the responsibilities of this position can be reasonably construed to include ensuring that defendant's practices complied with federal and state laws concerning safe practices in the production of food. The information plaintiff conveyed to his supervisors can be fairly interpreted as good faith reports containing what plaintiff believed could be evidence of a violation of a state or federal law, rule or regulation. Plaintiff's pleadings conform adequately to the statute and survive defendant's motion to dismiss.

### 2.    Wrongful discharge

Similarly, this court concludes that the facts alleged by plaintiff are sufficient to state a claim for wrongful discharge, at least for purposes of surviving defendant's motion to dismiss. As noted above, an employee may advance a wrongful discharge tort action when the employee is fired for performing an important duty or societal obligation, or when an employee is fired for exercising statutory rights that relate to the employment and that reflect an important public policy. Although as presently pled, plaintiff's wrongful discharge claim cannot be said to assert the exercise of statutory rights, the allegations are sufficient to survive dismissal regarding the question of whether plaintiff was fired for performing important duties valued in society.

Plaintiff's allegations, taken as true at this stage, relate to societal or public duties placed on him by reason of his employment. Plaintiff's duties presumably included ensuring his employer's compliance with state and federal food safety laws. Plaintiff's First Amended Complaint is construed as alleging that his employer terminated him because of his efforts to fulfill these duties. As asserted presently, plaintiff's wrongful discharge allegations concern his employment's relationship with important public policies involving compliance with state and federal food safety laws.

Oregon courts have recognized viable wrongful discharge claims from employees who performed work duties specifically related to state or federal law. For example, the plaintiff in *Banaitis* was a bank employee who refused to disclose a customer's confidential financial information, and was construed to have been engaged in a public duty sufficient to withstand a motion to set aside a verdict for wrongful discharge. *Banaitis*, 879 P.2d at 1295. In *Anderson v. Evergreen Int'l Airlines, Inc.*, 886 P.2d 1068, 1072-73 (Or. Ct. App. 1994), the plaintiff was fired after refusing demands that he remove good replacement aircraft parts and install defective parts. The plaintiffs in *Banaitis* and *Anderson* were recognized as having important societal or public duties placed on them by reason of their employment.

Similarly, this court cannot conclude as a matter of law at this stage that plaintiff, serving as defendant's Quality Assurance Manager, presumably with responsibilities regarding defendant's compliance with state and federal food safety laws, did not have similarly important public duties to perform by reason of his employment. In the absence of evidence of any mandatory reporting requirements, an employee may nevertheless demonstrate that an important public duty exists by citing statutes or other authority indicating legislative policies to promote the reporting of violations and prevent employers from retaliating against employees who report such violations. *Huber v. Or. Dept. of Ed.*, 230 P.3d 937, 944-45 (Or. Ct. App. 2010) (citation omitted).

As discovery is undertaken in this litigation, counsel for the parties will have an opportunity to explore the scope of job responsibilities of a Quality Assurance Manager for defendant, and the extent to which various statutes and public policies may demonstrate an intent to protect the public from dangerous food consumption, and to protect good faith reports of unsafe food practices from employer retaliation. *See Lamson v. Crater Lake Motors*, 216 P.3d

9 -- OPINION AND ORDER

852, 857 (Or. 2009) (holding that for purposes of a "public duty" wrongful discharge claim, a court's recognition of an important public duty could occur despite the absence of a specific legal obligation to perform the acts that triggered the discharge, if the sources of law that express the asserted public policy "in *some* sense speak directly to those acts") (emphasis in original).

Accordingly, this court concludes that plaintiff's allegations that defendant retaliated against plaintiff after his attempts to fulfill public duties required of a Quality Assurance Manager are sufficient to withstand defendant's motion to dismiss plaintiff's claim for wrongful discharge. Of course, defendant may again test the sufficiency of plaintiff's claims to withstand judgment as a matter of law after discovery is completed.

## **CONCLUSION**

For the reasons provided, defendant's Motion to Dismiss [6] is denied.

IT IS SO ORDERED.

DATED this   2   day of November, 2010.


    /s/ Ancer L. Haggerty
Ancer L. Haggerty
United States District Judge

10 -- OPINION AND ORDER